**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IAN PASTORIUS AND BRIAN STARR,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated;** | § | **CIVIL ACTION NO. G-11-307** |
| | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **vs.** | § | |
| | § | |
| **LOWE'S HOME CENTERS, INC. and** | § | |
| **LOWE'S HIW, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' FIRST AMENDED COLLECTIVE**
**ACTION AND CLASS ACTION COMPLAINT**

Plaintiff Ian Pastorius and Brian Starr, individually and on behalf of other similarly situated employees (hereinafter collectively referred to as ("Plaintiffs" or "Representative Plaintiffs"), bring this lawsuit against Defendants Lowe's HIW, Inc. ("LHIW") and Lowe's Home Centers, Inc. ("LHC") (LHIW and LHC are collectively referred to as "Defendants").

## I.  OVERVIEW

1.      Plaintiffs and the proposed Putative Class Members are current and former salaried Loss Prevention Managers of the Defendants.  Plaintiffs and the proposed Putative Class Members were regularly required by Defendants to work in excess of 40 hours per week without overtime.  Accordingly, Plaintiffs bring this action on behalf of themselves and all other similarly situated employees to recover unpaid overtime compensation under §16(b) of the FLSA 29 U.S.C. §216(b).  Additionally, pursuant to Fed. R. Civ. P. 23, and in accordance with the laws of the jurisdictions in which they worked, Plaintiffs also bring this action on behalf of current and

former Loss Prevention Managers who worked in California, North Carolina, Pennsylvania, New York, Ohio, Washington, New Jersey, South Carolina, Colorado and Oregon during the applicable statutory time period.

## II. PARTIES

2.      Plaintiffs were employed by Defendants as Loss Prevention Managers during the relevant statutory time period.  Plaintiffs worked for Defendants and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week.  Plaintiffs' consents have been filed with this court.

3.      Plaintiffs and the proposed Putative Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

a.      "All persons who were employed by one of the Defendants as a Loss Prevention Manager at any time from July 5, 2008 through the present."[1]

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

4.      Plaintiffs also seek class certification under Fed. R. Civ. P. 23 of the following state law sub-classes:

a.      All persons who were employed by LHIW as a Loss Prevention Manager at any time from February 1, 2011 through the present in California (the "California Class");

---

[1]      The parties have agreed that the relevant time period for the FLSA Class shall be from July 5, 2008 through the date of Preliminary Approval of the parties' Global Settlement of the Loss Prevention Manager Misclassification claims.

b.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through the present in North Carolina (the "North Carolina Class");

c.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through the present in Pennsylvania (the "Pennsylvania Class");

d.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2005 through the present in New York (the "New York Class");

e.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through the present in Ohio (the "Ohio Class");

f.     All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through the present in Washington (the "Washington Class");

g.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through the present  in New Jersey (the "New Jersey Class");

h.     All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through the present in South Carolina (the "South Carolina Class");

      i.      All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through the present in Colorado (the "Colorado Class");

      j.      All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through the present in Oregon (the "Oregon Class").

5.      During the relevant time period, Defendants acting through its affiliates and subsidiaries, created, ratified and implemented Defendants' unlawful payment scheme.  Thus, Defendants have acted directly or indirectly as an employer with respect to the named Plaintiffs and those similarly situated with the meaning of the FLSA.

6.      Defendant Lowe's Home Centers, Inc. has been served with process and is properly before this Court.

7.      Defendant Lowe's HIW, Inc. has been served with process and is properly before this Court.

### III. JURISDICTION

8.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiffs' claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), and 216(b).   The Court also has federal jurisdiction over the state law class actions pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. §1332(d). The Court also has supplemental jurisdiction over the various state law sub-classes pursuant to 28 U.S.C. §1367.

### IV. VENUE

9.      Venue is proper in this Division under 28 U.S.C. § 1391(a).

## V.  FACTUAL ALLEGATIONS

10.     During the period relevant to this action, Plaintiffs and all those similarly situated were employed by Defendants as salaried Loss Prevention Managers and were regularly required to work in excess of 40 hours per week.  Instead of paying overtime for all of the hours worked in excess of 40, Defendants improperly classified Plaintiffs and all other similarly situated employees as exempt from the overtime provisions of the FLSA and the applicable state laws of the jurisdictions identified above.  However, during the relevant time period that Plaintiffs were considered exempt employees by Defendants, Plaintiffs and the Putative Class Members did not regularly or customarily perform any exempt functions.

11.     As a result of Defendants' policies, practices and conduct, Plaintiffs were denied overtime compensation under federal and state law.

## VI. COLLECTIVE/CLASS ALLEGATIONS

12.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the state law sub-classes may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-classes pursuant to Fed. R. Civ. P. 23.

13.     The number of individuals in each of each class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing Defendants' records. However, Plaintiffs are informed and believe that there are hundreds of eligible individuals in each defined class.

14.     Plaintiffs will fairly and adequately protect the interests of the classes and have retained counsel that is experienced and competent in class action and employment litigation.

15.     Plaintiffs have no interests that are contrary to, or in conflict with, the members of the classes.

16.     A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the classes to individually seek redress for the wrongs done to them.

17.     A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the applicable state labor laws.

18.     Furthermore, even if any member of the classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

19.     There is a well-defined community of interest in the questions of law and fact affecting the classes as a whole. The questions of law and fact common to each of the classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> a.     Whether Defendants employed members of the classes within the meaning of the applicable statutes, including the FLSA;
>
> b.     Whether members of the classes were uniformly, willfully and wrongfully classified by Defendants as exempt from overtime compensation;

  c.  Whether Defendants failed to pay Plaintiffs and members of the classes all premium overtime compensation due to them by virtue of their uniform designation as exempt;

  d.  Whether Plaintiffs and members of the classes were expected to, and/or were mandated to, regularly work overtime hours each workweek;

  e.  Whether Defendants failed to pay Plaintiffs and members of the classes for all hours worked;

  f.  Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiffs and members of the classes; and

  g.  Whether Plaintiffs and members of the classes have sustained damages and, if so, the proper measure of damages.

20.  Plaintiffs' claims are typical of the claims of members of the classes. Plaintiffs and members of the classes have sustained damages arising out of the wrongful and uniform employment policies of Defendants in violation of the FLSA and the state labor laws.

21.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**V. FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)</u>**

22.  Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

23.  At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24.     At all relevant times, Defendants employed, and/or continues to employ Plaintiffs and each member of the FLSA Class.

25.     As stated above, Defendants have a policy and practice of refusing to pay overtime compensation to its Loss Prevention Managers, for hours worked in excess of 40 per week.

26.     Defendants failure to pay Plaintiffs and members of the FLSA Class for all hours in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40-hourworkweek, is a violation of 29 U.S.C. §§ 206 and 207.

27.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and all other similarly situated members of the FLSA Class are entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## VII.    SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA WAGE AND HOUR LAWS

28.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

29.     The foregoing conduct, as alleged, constitutes a violation of California's wage and hour laws.  California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day. The California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

30.     Throughout the California Class Period, and continuing through the present, the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.   Certain California Class members also worked in excess of twelve hours in a workday.

31.     During the California Class Period, Defendant misclassified the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

32.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### VIII.   THIRD CAUSE OF ACTION
### <u>VIOLATION OF COLORADO WAGE AND HOUR LAWS</u>

33.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

34.     The foregoing conduct, as alleged, violates the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, *et seq.*

35.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, et seq., and Colorado Minimum Wage Order No. 22.  At all relevant times, Defendants employed, and/or continues to employ, "employee[s]," including each of the members of the prospective Colorado Class, within the meaning of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, et seq., and Colorado Minimum Wage Order No. 22.

36.     The Colorado Minimum Wage Act requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.  The members of the Colorado Class are not exempt from overtime pay requirements under Colorado law.

37.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay the Colorado Class members for their hours worked in excess of forty hours per workweek and/or twelve hours per day.

38.     As a result of Defendants' willful failure to pay wages earned and due to the Colorado Class members for work performed at the regular hourly wage rate or at a rate not less than one and one-half times the regular rate of pay for work performed in excess of twelve hours daily and/or forty hours in a workweek, Defendants have violated, and continue to violate, the Colorado Minimum Wage Act, C.R.S. § 8-6-106, and Colorado Minimum Wage Order No. 22.

39.     As a result of Defendants' failure to record, report, credit, and furnish to the Colorado Class members their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of the Colorado Minimum Wage Act and Colorado Minimum Wage Order No. 22.

40.     The Colorado Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by the Colorado Minimum Wage Act, C.R.S. § 8-6-118, and Colorado Minimum Wage Order No. 22, respectively.

41.     The Colorado Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of twelve daily hours and/or forty hours in a workweek as provided by the Colorado Minimum Wage Act, C.R.S. § 8-6-118, and Colorado

Minimum Wage Order No. 22, respectively, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

## IX. FOURTH CAUSE OF ACTION
## VIOLATION OF NEW JERSEY WAGE AND HOUR LAW

42.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

43.     Defendants have engaged in a widespread pattern, policy, and practice of violating the New Jersey State Wage and Hour Law ("NJSWHL"), N.J.S.A. § 34:11-56a et seq., as detailed herein.

44.     Defendants failed to pay the New Jersey Class members one and a half times their regular hourly wages for each hour of working time in excess of forty in a workweek as required by the NJSWHL, N.J.S. § 34:11-56a4.

45.     Defendants failed to keep true and accurate records of the hours worked by the New Jersey Named Plaintiff and the New Jersey Class members in violation of NJSWHL, N.J.S. § 34:11-56a20.

46.     Defendants are employers within the meaning of the term "employer" in the NJSWHL, including the definition of "employer" in the NJSWHL, N.J.S. § 34:11-56a1(h).  Defendants are individuals, partnerships, associations, joint stock companies, trusts, corporations, and/or successors of any of the same.

47.      Defendants employed the New Jersey Class members in New Jersey within the meaning of the term "employ" in the NJSWHL, N.J.S. § 34:11-56a1(f).

48.     The New Jersey Class members are "individuals" within the meaning of the term "individual" in the NJSWHL, N.J.S. § 34:11-56a1(h).

49.     The New Jersey Class members are or have been "employees" within the meaning of the term "employee" in the NJSWHL, N.J.S. § 34:11-56a1(h).

50.     The New Jersey Class members were not employed by Defendants in a bona fide executive, administrative, or professional capacity.  They have not been part-time employees primarily engaged in the care and tending of children in the home of the employer.  They have not been outside salesmen.  They have not been employed in a volunteer capacity.  They have not been engaged to labor on a farm or employed in a hotel. They are not and have not been Defendants' independent contractors or subcontractors.

51.      Defendants' violations of the NJSWHL, as described in this Complaint, have been willful and intentional.

52.     The overtime wage provisions of the NJSWHL apply to Defendants and protect the New Jersey Class members.

53.     Defendants failed to pay the New Jersey Class members overtime wages to which they are entitled under the NJSWHL.

54.     By their knowing or intentional failure to pay the New Jersey Class members overtime wages for hours worked in excess of forty hours per week, Defendants willfully violated the NJSWHL.

55.      Due to Defendants' violations of the NJSWHL, the New Jersey Class members have suffered damages that they are entitled to recover from Defendants.

## X.  FIFTH CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE WAGE AND HOUR LAWS

56.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

57.     The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 et seq., the New York Wage Payment Act, Labor Law § 190 et seq., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "New York Labor Law").

58.     At all relevant times, Defendants have been "employers" within the meaning of New York Labor Law § 651.  At all relevant times, Defendants employed, and continue to employ, employees, including each of the New York Class members, within the meaning of the New York Labor Law.

59.     The New York Labor Law requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.  The New York Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

60.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the New York Class members for their hours worked in excess of forty hours per week.

61.     As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to the New York Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the New York Labor Law.

62.     The New York Class members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by New York Labor Law § 663(1).

63.     The New York Class members seek the amount of his underpayments based on Defendants' failure to pay one and one half time the regular rate of pay for work performed in excess of forty hours, as provided by New York Labor Law § 663(1), and such other legal and

equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

64.     In addition, the New York Class members worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendants.

65.     This conduct violates the New York Minimum Wage Act, Labor Law Article 19 § 650 et seq. ("MWA"), and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread-of-hours" pay, which require employers to pay additional "spread-of-hours" compensation to employees who work shifts of greater than ten hours.

66.     Defendants nonetheless had a policy and practice of failing and refusing to pay "spread of hours" compensation to the New York Class members for their shifts of greater than 10 hours.

67.     As a result of Defendants' failure to pay "spread of hours" compensation to the New York Plaintiff and to New York Class members for their shifts of greater than 10 hours, Defendants violated the MWA.

68.     The New York Class members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by New York Labor Law § 663(1).

69.     The New York Class members seek the amount of underpayments based on Defendants' failure to "spread of hours" compensation to New York Class members for their shifts of greater than 10 hours.

## XI. SIXTH CAUSE OF ACTION
## <u>VIOLATION OF NORTH CAROLINA STATE WAGE AND HOUR LAWS</u>

70.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

71.     The foregoing conduct, as alleged, violates North Carolina G.S. 95-25.1 *et seq.*, and any relevant rules adopted by the North Carolina Administrative Code, Title 13, Chapter 12 (collectively, "North Carolina Wage Laws").

72.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the North Carolina Wage Laws.   At all relevant times, Defendants employed "employee[s]," including each of the members of the North Carolina Class, within the meaning of the North Carolina Wage Laws.

73.     The North Carolina Wage Laws require an employer, such as Defendants, to pay all compensation due to employees on their regular paydays.  N.C.G.C. § 95-25.6.  The members of the North Carolina Class were entitled to overtime pay under all applicable laws.

74.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the North Carolina Class members for their hours worked in excess of forty hours per workweek.

75.     Defendants violated North Carolina Wage Laws including, but not necessarily limited to, North Carolina G.S. 95-25.6, by failing to pay the North Carolina Class members overtime for work performed in excess of forty hours in a workweek and hence, failing to pay all wages accrued to these workers on their regular scheduled paydays.

76.     As a result of Defendants' failure to record, report, credit, and furnish to each member of the North Carolina Class their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of North Carolina G.S. 95-25.15.

77.     The North Carolina Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

78.     The North Carolina Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## XII.    SEVENTH CAUSE OF ACTION
## VIOLATION OF OHIO WAGE AND HOUR LAW

79.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

80.     The foregoing conduct, as alleged, violates Ohio Revised Code Section 4111.01 et seq, and any relevant rules adopted by the Ohio Director of Commerce (collectively, "Ohio Wage Laws").

81.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Ohio Wage Laws.  At all relevant times, Defendants employed "employee[s]," including each of the members of the Ohio Class, within the meaning of the Ohio Wage Laws.

82.     The Ohio Wage Laws require an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.  The members of the Ohio Class are not exempt from overtime pay requirements under the Ohio Wage Laws.

83.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Ohio Class members for their hours worked in excess of forty hours per workweek.

84.     Defendants violated Ohio Wage Laws including, but not necessarily limited to, Ohio Revised Code Section 4111.03(A) by failing to pay the Ohio Class members overtime for work performed in excess of forty hours in a workweek.

85.     As a result of Defendants' failure to record, report, credit, and furnish to each member of the Ohio Class their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of Ohio Revised Code Section 4111.08.

86.      The Ohio Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

87.     The Ohio Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## XIII.   EIGHTH CAUSE OF ACTION
## VIOLATION OF OREGON WAGE AND HOUR LAWS

88.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

89.     The foregoing conduct, as alleged, violates Oregon Revised Statutes Sections 652.011 et seq, and 653.010 et seq, and the rules of the Bureau of Labor and Industries promulgated thereunder, BOLI 839-020-0000 et seq. (collectively, "Oregon Wage Laws").

90.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Oregon Wage Laws.  At all relevant times, Defendants employed "employee[s]," including each of the members of the Oregon Class, within the meaning of the Oregon Wage Laws.

91.     The Oregon Wage Laws require an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.  The members of the Oregon Class are not exempt from overtime pay requirements under the Oregon Wage Laws.

92.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Oregon Class members for their hours worked in excess of forty hours per workweek.

93.     Defendants violated Oregon Wage Laws including, but not necessarily limited to, ORS Sections 651.140, 652.610(3) & 653.261 by failing to pay wages earned and due, and by withholding wages earned and due, to the Oregon Class members for work performed in excess of forty hours in a workweek.

94.     As a result of Defendants' failure to record, report, credit, and furnish to each member of the Oregon Class their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of ORS 653.045.

95.      The Oregon Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

96.     The Oregon Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## XIV.   NINTH CAUSE OF ACTION
## VIOLATION OF PENNSYLVANIA WAGE AND HOUR LAWS

97.     Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

98.     The foregoing conduct, as alleged, violates the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. § 333.103 et seq.

99.     At all relevant times, Defendants have been, and continues to be, "employers" within the meaning of the Pennsylvania Minimum Wage Act of 1968.  43 Pa. Stat. § 333.103(g).  At all relevant times, Defendants have employed, and continues to employ, employees, including each of the Pennsylvania Class members, within the meaning of the Pennsylvania Minimum Wage Act of 1968.  43 Pa. Stat. § 333.103(h).

100.    The Pennsylvania Minimum Wage Act of 1968 requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.  43 Pa. Stat. § 333.104(c).  The Pennsylvania Class members are not exempt from overtime pay requirements under Pennsylvania law.  43 Pa. Stat. § 333.105.

101.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Pennsylvania Class members for their hours worked in excess of forty (40) hours per week.

102.    As a result of Defendants' failure to pay wages earned and due, and their decision to withhold wages earned and due, to the Pennsylvania Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the Pennsylvania Minimum Wage Act of 1968.  43 Pa. Stat. § 333.104(c).

103.    The Pennsylvania Minimum Wage Act of 1968 requires employers to keep records of each employee's hours worked and wages earned, at the place of employment.   43 Pa. Stat. § 333.108.    Similarly, the Pennsylvania Minimum Wage Act of 1968 requires employers to provide a detailed written statement of each employee's hours worked and wages earned with each payment of wages.  43 Pa. Stat. § 333.108.

104.    Because Defendants willfully and unlawfully misclassified the Pennsylvania Class members as exempt from overtime pay requirements, Defendants failed to keep and furnish records of those employees' hours, as required under Pennsylvania law.  43 Pa. Stat. § 333.108.

105.    By failing to record and maintain wage and hour records for its non-exempt employees, including the Pennsylvania Class members, and by failing to furnish such records to each such employee with each wage payment, Defendants failed to make, furnish, and keep such records in violation of the Pennsylvania Minimum Wage Act of 1968.  43 Pa. Stat. § 333.108.

106.    Defendants' failure to keep and furnish the required records of hours worked for the Pennsylvania Class members was and is willful, knowing, and intentional.   Allowing Defendants' record-keeping violations to continue would be a gross injustice to the Pennsylvania Class members and all future employees of Defendants.

107.    The Pennsylvania Class members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the Pennsylvania Minimum Wage Act of 1968.  43 Pa. Stat. § 333.113.

108.    The Pennsylvania Class members seek damages in the amount of twice the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, less any such wages paid, as provided by the Pennsylvania Minimum Wage Act of 1968, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.  43 Pa. Stat. § 333.113.

## XV.    TENTH CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA WAGE AND HOUR LAWS

109.    Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

110.    The foregoing conduct, as alleged, violates South Carolina Code of Laws Section 41-10-10 et seq. (collectively, "South Carolina Wage Laws").

111.    At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the South Carolina Wage Laws.   At all relevant times, Defendants employed "employee[s]," including each of the members of the South Carolina Class, within the meaning of the South Carolina Wage Laws.

112.    The South Carolina Wage Laws require an employer, such as Defendants, to notify employees of wages earned and due.  The members of the South Carolina Class were not notified of all wages earned and due as a result of Defendants' failure to pay overtime compensation.

113.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the South Carolina Class members for their hours worked in excess of forty hours per workweek.

114.    As a result of Defendants' failure to record, report, credit, and furnish to each member of the South Carolina Class their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of South Carolina Code of Laws Section 41-10-30.

115.     The South Carolina Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

116.    The South Carolina Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## XVI.   ELEVENTH CAUSE OF ACTION
## <u>VIOLATION OF WASHINGTON WAGE AND HOUR LAWS</u>

117.    Plaintiffs reallege and reincorporate all allegations contained in Paragraphs 1 – 21 as if incorporated herein.

118.    The foregoing conduct, as alleged, violate the Revised Code of Washington, Chapter 49.46 et seq, and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries  (collectively, "Washington Wage Laws").

119.    At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Washington Wage Laws.   At all relevant times, Defendants employed "employee[s]," including each of the members of the Washington Class, within the meaning of the Washington Wage Laws.

120.    The Washington Wage Laws require an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.   The members of the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

121.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Washington Class members for their hours worked in excess of forty hours per workweek.

122.    Defendants violated Washington Wage Laws including, but not necessarily limited to, Revised Code of Washington Chapter 49.46.130 by failing to pay the Washington Class members overtime for work performed in excess of forty hours in a workweek.

123.    As a result of Defendants' failure to record, report, credit, and furnish to each member of the Washington Class their respective wage and hour records showing all wages earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of Revised Code of Washington Chapter 49.46.070.

124.    The Washington Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

125.    The Washington Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## XVII.  RELIEF SOUGHT

126.        WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

      a.        An Order designating the FLSA Class as a collective action and issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

      b.        For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and the FLSA Class members and for liquidated damages equal in amount to their unpaid compensation;

      c.        For an Order designating the state law sub-classes as class actions pursuant to Fed. R. Civ. P. 23;

      d.        For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the FLSA Class and the state law sub-classes;

e.     For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:/s/ Michael A. Josephson

Michael A. Josephson
Fed.Id. 27157
State Bar No. 24014780
FIBICH, HAMPTON, LEEBRON,
BRIGGS & JOSEPHSON, L.L.P.
1150 Bissonnet
Houston, Texas 77005
713-751-0025– Telephone
713-751-0030– Facsimile
mjosephson@fhl-law.com


Richard J. (Rex) Burch
TexasBar No. 24001807
S.D. Tex. No. 21615
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
 713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com


C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 420-1414–Telephone
(407) 420-5956– Facsimile
*Pro Hac Vice to be submitted

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on January 3, 2012

<u>/s/ Michael A. Josephson</u>