**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| IAN PASTORIUS, Individually and on behalf of all others similarly situated; § § § § **Plaintiffs,** § § vs. § § LOWE'S HOME CENTERS, INC. and § LOWE'S HIW, INC., § § **Defendants.** § | **CIVIL ACTION NO. G-11-307** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL
OF ATTORNEYS' FEES AND COSTS**

Michael A. Josephson, Esq.
FIBICH, HAMPTON, LEEBRON, BRIGGS
& JOSEPHSON, L.L.P.
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

Richard J. (Rex) Burch, Esq.
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77002
Telephone: (713) 877-8788
Facsimile: (713) 877-8065

C. Ryan Morgan, Esq.
*Admitted Pro Hac Vice
MORGAN & MORGAN, P.A.
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . ................................................................................................iii-v

I. INTRODUCTION ........................................................................................................ 1-2

II. THE ATTORNEY'S FEE REQUESTED HERE IS FAIR AND REASONABLE ........... 2-7

    A. THE BARGAINED-FOR FEE REFLECTS THE MARKET AND IS REASONABLE ............. 3-4

    B. THE COURT SHOULD AWARD FEES AS A PERCENTAGE OF THE TOTAL FUND ......................................................................................................................... 4-5

    C. CLASS COUNSEL'S SUCCESS JUSTIFIES AN AWARD OF 33% .................................... 5-7

III. CLASS COUNSEL SHOULD BE REIMBURSED FOR THEIR REASONABLE COSTS ............................................................................................................................7

IV. CONCLUSION............................................................................................................. 7-8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ass'n v. Dunkle*,
946 F.2d 768, 774 (11th Cir. 1991) ..................................................................................5

*August, v. Beaumont ISD*,
C.A. No. 1:03-cv-00787 (E.D. Tex. Oct. 27, 2005)...........................................................4

*Blum v. Stenson*,
465 U.S. 886, 902 n.19 (1984).........................................................................................3

*Boeing Co. v. Van Gemert*,
444 U.S. 472, 478 (1980).................................................................................................4

*Brody v. Zix Corp., et al.*,
No. 3-04-CY-1931-K. slip op. (N.D. Tex. June 16.2008) ................................................4

*Castilla v. Fogo de Chao*,
Case No. H-08-869 (S.D.Tex. Oct. 3, 2008)....................................................................3

*Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*,
445 U.S. 326, 338, *rehg. denied*, 446 U.S. 947 (1980)...................................................2

*Di Giacomo v. Plains All Am. Pipeline,*
2001 WL 34633373 (S.D. Tex. 2001) ..............................................................................5

*Evans v. Jeff D.*,
475 U.S. 717, 106 S.CT. 1531, 89 L.ED.2D 747 (1986) U.S. 96....................................3

*Florin v. NationsBank, N.A.*,
34 F.3d 560, 564-65 (7th Cir. 1994) ................................................................................5

*Garcia v. Maintenance, Inc.*,
Case No. 05-CV-03924 (S.D. Tex. June 16, 2006) .........................................................4

*Gaskill v. Gordon*,
160 F.3d 361, 363 (7th Cir. 1998) ...................................................................................2

*Gottlieb v. Barry*,
43 F.3d 474, 487 (10th Cir. 1994) ...................................................................................5

*Hensley v. Eckerhart*,
461 U.S. 424, 437 (1983).................................................................................................3

*In re Abrams & Abrams, P.A.*,
605 F.3d 238, 246 (4th Cir. 2010) ...........................................................................................7

*In re Bayou Sorrel Class Action*,
No. 6:04CV1101, 2006 WL 3230771, *1 (W.D. La. Oct. 31, 2006) ................................4

*In re Combustion, Inc.*,
968 F. Supp. 1116, 1156 (W.D. La. 1997)...........................................................................4

*In re Copley Pharmaceutical, Inc.*,
1 F.Supp.2d 1407, 1411 (D. Wyo. 1998)..............................................................................2

*In re GMC Pick-Up Truck Fuel Tank Prods*. Liab. Litig.,
55 F.3d 768, 821-22 (3d Cir. 1995) .....................................................................................5

*In re Olicom Sec. Litig.*,
No. 3:94-CV-0511-D (N.D. Tex. Aug. 30, 1996) ................................................................4

*In re Prudential-Bache Energy Income P'ship Secs. Litig.*,
No. MDL 888, 1994 WL 150742, at *1 (E.D. La. Apr.13, 1994) .......................................2

*In re Sumitomo Copper Litig.*,
74 F.Supp.2d 393, 396-398 (S.D. N.Y.1999) ..................................................................... 7

*In re Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig.*,
56 F.3d 295, 307 (1st Cir. 1995).........................................................................................5

*In re Warner Communications Sec. Litig.*,
618 F. Supp. 735, 749 (S.D.N.Y. 1985)...............................................................................4

*In re Wash. Pub. Power Supply Sys.*
19 F.3d 1291, 1296 (9th Cir. 1994) ....................................................................................5

*Johnson v. Georgia Highway Express*,
488 F.2d 714 (5th Cir. 1974) ...............................................................................................5

*Johnston v. Comerica Mortgage Corp.*,
83 F.3d 241, 246 (8th Cir. 1996) .........................................................................................5

*Latin v. Aramark Services, Inc.*,
C.A. No. 4:09-cv-00858 (S.D.Tex. Aug. 27, 2009)..............................................................4

*Pac. Merch. Shipping Ass'n v. Aubry*,
918 F.2d 1409, 1420 (9th Cir. 1990) ...................................................................................2

*Powers v. Eichen*,
229 F.3d 1249, 1256 (9th Cir. 2000) ...............................................................................7

*Rawlings v. Prudential-Bache Props.*,
9 F.3d 513, 515-17 (6th Cir. 1993) ..................................................................................5

*Schwartz v. TXU Corp.*,
No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *84 (N.D. Tex. Nov. 8, 2005)....................5

*Sims v. Shearson Lehman Bros., Inc.*,
No. 3:90-CV-0252X, 1993 WL 646022 (N.D. Tex. Nov. 29, 1993).................................4

*Skadowski v. KBR Tech. Servs., Inc.,*
Case No. 4:05-cv-4124 (S.D. Tex. Aug. 25, 2006) ..................................................... 3-4

*Sloan v. Texas EZPawn, Lp.*,
C.A. 1:07-cv-00553(W.D. Tex. Oct. 30, 2008) ................................................................4

*Swedish Hosp. Corp. v. Shalala*,
1 F.3d 1261, 1271 (D.C. Cir. 1993) ..................................................................................5

*Union Asset Management Holding A.G. v. Dell, Inc.,*
669 F.3d 632, 643 (5th Cir. Feb. 7, 2012) ........................................................................4

*Vela v. City of Houston*,
276 F.3d 659, 681 (5th Cir. 2001) ..............................................................................1, 4

*Vincent v. Hughes Air West, Inc.* 5
57 F.2d 759, 769 (9th Cir. 1977) .....................................................................................5

*Williams v. Dallas ISD,* C.A.
No. 3:04-cv-00396;; (N.D. Tex. Dec. 21, 2005)...............................................................4

## MISCELLANEOUS AUTHORITIES

*Class Actions in the Gulf South Symposium: Due Process and the Lodestar Method:
You Can't Get There From Here*,
74 Tul. L. Rev. 1809, 1819-20 (June 2000).......................................................................5

## I. INTRODUCTION

Following extensive litigation concerning the proper classification of Loss Prevention Manager ("LPM") position, Class Counsel successfully negotiated a Settlement with Lowe's HIW, Inc. ("Lowe's" or "Defendant") that provides for a $6,175,000.00 common fund benefit, the administration of claims of the Class Members, as well as the payment of Plaintiffs' service awards, attorneys' fees and costs. Additionally, in connection with the settlement, Lowe's implemented a company-wide reclassification of the LPM position from exempt to non-exempt under the Fair Labor Standards Act ("FLSA"). Thus, workers employed in the LPM position now receive overtime pay for hours worked in excess of forty in a workweek.

This Court granted preliminary approval of the Settlement on January 26, 2012 [ECF. No. 36]. On February 27, 2012, the Administrator mailed notice of the Settlement to 1,842 Settlement Class Members. Hundreds of Settlement Class Members came forward to claim their share of the Settlement. As of close of the opt-in period, not *one* Class Member has objected to the settlement in any way, including the requested fee award.

In accordance with the parties' agreement, Class Counsel now moves for approval of the attorneys' fees and expenses preliminarily approved by the Court. The requested fee of 33 1/3% of the settlement fund or $2,058,333.33 is in line with the typical award in common fund cases where counsel has undertaken complex, risky and time-consuming litigation on a contingent basis. Indeed, Fifth Circuit precedent suggests the award is often higher. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (noting in an FLSA collective action that the "customary contingency" is in the range of 35 to 40%). Moreover, all of the relevant factors, including the excellent results obtained for the Class, support the requested award of fees and

costs. Therefore, Plaintiffs respectfully request the Court award a fee equal to 33 1/3% of the fund, including Plaintiff's litigation expenses.

## II. THE ATTORNEY'S FEE REQUESTED HERE IS FAIR AND REASONABLE

In defining a reasonable fee, the Court should mimic the marketplace for cases involving a significant contingent risk such as this one. Because our legal system relies on private litigants to enforce substantive provisions of law in class actions, attorneys providing these substantial benefits should be paid an award equal to the amount negotiated in private bargaining that takes place in the legal market place. *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338, *rehg. denied*, 446 U.S. 947 (1980). "When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set. . . . The judge, in other words, is trying to mimic the market in legal services." *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); In re Prudential-Bache Energy Income P'ship Secs. Litig., No. MDL 888, 1994 WL 150742, at *1 (E.D.La. Apr.13, 1994) (Livaudais, J.) (a percentage fee award is "intended to approximate the market-what private counsel ordinarily would charge in a contingent fee contract."). *In re Copley Pharmaceutical, Inc*., 1 F.Supp.2d 1407, 1411 (D. Wyo.1998) ("the percentage of the fund method better approximates the workings of the marketplace by focusing on the results achieved.").

This was a risky case. Lowe's policy of treating its LPMs as exempt from the overtime laws had been in place for many years. Lowe's *prevailed* in an administrative hearing challenging the exempt status of an LPM under California's wage and hour laws.[1] As such, Lowe's asserted a number of non-frivolous defenses on the merits, creating difficulties with proof and raising complex legal issues for Class Counsel to overcome. Moreover, Class Counsel

---

[1] As this Court is aware, California's wage and hour laws are often "more generous" to workers than the FLSA. *Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1420 (9th Cir. 1990).

litigated the classification of the LPM position for years, both under state and federal laws, and recognized the difficulties associated with this case and the potential merits of Lowe's various defenses.

Further, Lowe's is a Fortune 100 company with enormous resources at its disposal. It hired the prestigious and well-respected law firm of Hunton & Williams to defend its interest. Thus, Class Counsel challenged a longstanding practice by an employer with substantial resources, who was represented by well-known and experienced defense counsel.

For any settlement, let alone the favorable settlement achieved here, to be possible, Class Counsel had to convince Lowe's that Plaintiffs could prevail on the legal issues regarding overtime compensation, achieve class certification for all the employees, and overcome difficulties in proof as to monetary relief. In overcoming these hurdles, Class Counsel displayed skills consistent with, or exceeding, those expected of attorneys of comparable experience.

### A. THE BARGAINED-FOR FEE REFLECTS THE MARKET AND IS REASONABLE

Parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees. *See Evans v. Jeff D.*, 475 U.S. 717, 734-35, 738, n.30 (1980). A negotiated fee is preferred because it prevents attorney's fees from becoming "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). Courts therefore have "a responsibility to encourage agreement" on fees where possible. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984). Here, as part of the Settlement, Lowe's agreed not to object to an award of 33 1/3% of the settlement amount for attorneys' fees and reimbursement of litigation costs from this award. In this market, fees of 33-40% are commonplace. *See, e.g., Castilla v. Fogo de Chao*, Case No. H-08-869 (S.D.Tex. Oct. 3, 2008) (Smith, MJ) (33%); *Skadowski v. KBR Tech. Servs., Inc.,* Case No. 4:05-

cv-4124 (S.D. Tex. Aug. 25, 2006) (40%); *Garcia v. Maintenance, Inc.*, Case No. 05-cv-03924 (S.D. Tex. June 16, 2006) (Gilmore, J.) (40%). This is hardly surprising given that the Fifth Circuit has noted the "customary contingency" for similar work is 35 to 40% *Vela*, 276 F.3d at 681. Because the fee is consistent with the market for similar services, the Court should enforce the agreement.

Here, experienced counsel bargained at arm's length for the resolution of a contested legal case. This is a good measure of the market for fees, especially since a portion of any fees not awarded by the Court could revert to Lowe's (if it is not claimed by the class). The requested fee and cost award, therefore, reflects a fair "marketplace" value for Class Counsel services. *See* declaration of Michael A. Josephson. As a result, the fee agreed to by the parties should be approved.

### B. THE COURT SHOULD AWARD FEES AS A PERCENTAGE OF THE TOTAL FUND

Class Counsel seek an attorney fee award for their successful prosecution and resolution of this action, calculated as 33 1/3% the cash value of the common fund created by the Settlement.[2] *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Union Asset Management Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 643 (5th Cir. Feb. 7, 2012)(approving the use of

---

[2] *See, e.g., Latin v. Aramark Services, Inc.,* C.A. No. 4:09-cv-00858 (S.D.Tex. Aug. 27, 2009 ( Gilmore, J.)(awarding 35% of common fund as attorneys' fees); *August, v. Beaumont ISD,* C.A. No. 1:03-cv-00787 (E.D. Tex. Oct. 27, 2005) (Crone, J.)(awarding 33 1/3%); *Williams v. Dallas ISD,* C.A. No. 3:04-cv-00396;; (N.D. Tex. Dec. 21, 2005) ( Godbey, J.)(awarding 33 1/3%); *Sloan v. Texas EZPawn, Lp.*, C.A. 1:07-cv-00553(W.D. Tex. Oct. 30, 2008) (Austin, MJ)(approving 33 1/3% in attorneys' fees in the settlement of individual claims from a common fund following decertification); *see also In re Warner Communications Sec. Litig.,* 618 F. Supp. 735, 749 (S.D.N.Y. 1985) ("Traditionally, courts in this Circuit and elsewhere have awarded fees in the 20%-50% range in class actions.") (citing numerous cases), *aff'd*, 798 F.2d 35 (2d Cir. 1986). *See also In re Combustion, Inc*., 968 F. Supp. 1116, 1156 (W.D. La. 1997) (approving fee of 36% of $127 million settlement); *In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, *1 (W.D. La., October 31, 2006)(awarding 36% of the common fund for attorneys' fees, 7% of the common fund for litigation costs, and 7% of the common fund for class action costs, for a total fee and expense award of 50% of the common fund); *Sims v. Shearson Lehman Bros., Inc*., No. 3:90-CV-0252X, 1993 WL 646022 (N.D. Tex. Nov. 29, 1993) (Kendall, J.) (approving fee of 33-1/3% of $30 million settlement in securities case); *In re Olicom Sec. Litig*., No. 3:94-CV-0511-D (N.D. Tex. Aug. 30, 1996) (Fitzwater, J.) (approving 33-1/3% fee); *Brody v. Zix Corp., et al*., No. 3-04-CY-1931-K. slip op. (N.D. Tex. June 16.2008) (awarding 33-1/3% of settlement fund) (Kinkeade, J.).

percentage of recovery method in common fund cases). Courts recognize that an appropriate method for determining the award of attorneys' fees is a percentage of the total value of benefits afforded to class members by the settlement. *Vincent v. Hughes Air West, Inc.* 557 F.2d 759, 769 (9th Cir. 1977); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *84 (N.D. Tex. Nov. 8, 2005), "there is a strong consensus in favor of awarding attorneys' fees in common fund cases as a percentage of the recovery."[3]

Awarding fees based on a percentage of the common fund "spread[s] litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone." *Vincent*, *supra*, 557 F.2d at 769.

### C. CLASS COUNSEL'S SUCCESS JUSTIFIES AN AWARD OF 33.3%

A court must evaluate whether the requested percentage of the common fund would reasonably compensate Class Counsel given the nature of the litigation and the performance of counsel. *See e.g. Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974); *Di Giacomo v. Plains All Am. Pipeline,* 2001 WL 34633373 at *6 (S.D. Tex. 2001); *see also* Charles Silver, *Class Actions in the Gulf South Symposium: Due Process and the Lodestar Method: You Can't Get There From Here*, 74 TUL. L. REV. 1809, 1819-20 (June 2000).

In this case, Class Counsel achieved an outstanding result in a very complex case involving varying state and federal laws and administrative interpretations, as well as voluminous business and payroll records. The practice at issue here had been in place at Lowe's

---

[3] *In re Thirteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821-22 (3d Cir. 1995); *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 515-17 (6th Cir. 1993); *Florin v. NationsBank, N.A.*, 34 F.3d 560, 564-65 (7th Cir. 1994); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994); *Gottlieb v. Barry*, 43 F.3d 474, 487 (10th Cir. 1994) (authorizing percentage approach and holding that use of lodestar/multiplier method was abuse of discretion); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("After reviewing *Blum*, the [Third Circuit] Task Force Report, and ... cases from other circuits, we believe that the percentage of the fund approach is the better reasoned in a common fund case."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993) (percentage of the fund recovered is the only permissible measure of awarding fees in common fund cases).

for many years. Lowe's had numerous and legitimate defenses available to it concerning liability and the method of calculating damages.

Further, in the absence of a settlement, Lowe's would have vigorously opposed certification. Likewise, given the complexity of the issues, there was certainly a risk that any class would be certified (let alone the multiple classes covered by this lawsuit). Of course, even assuming a class was certified, Class Counsel would then have to overtime the difficulties inherent in establishing the appropriate amount of overtime on a class-wide basis. These risks were substantial and could have resulted in the Class (and hence Class Counsel) receiving nothing at all.

In spite of these potential risks, Class Counsel were able to negotiate a significant settlement which not only provides a substantial monetary recovery for the class members, but also the implementation of a corporate-wide reclassification of the LPM position.

The Settlement was possible only because Class Counsel convinced Lowe's that Plaintiffs could potentially prevail on the difficult legal issues regarding the merits of their overtime claims, achieve class certification, overcome difficulties in proof as to monetary relief and take the case to trial if need be. The vigorous defense presented by counsel mandated high quality class counsel in order to achieve any, let alone excellent, positive results. In successfully overcoming these hurdles, Class Counsel displayed the necessary dual skill set. Class Counsel invested substantial time and resources in investigation, discovery and determination of potential damages and communicating with and responding to opposing counsel's and class members' requests, demands, and inquiries.

Finally, it should be noted that the success achieved by Class Counsel in this case was accomplished even though the attorneys performed the necessary work strictly on a contingent

basis with all of the concomitant risk factors inherent in such an uncertain undertaking. Not surprisingly, courts have longed recognized that attorneys working on a contingent fee basis face significantly more risk than those paid by the hour. An attorney paid by the hour can go to the bank with his fee. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). The attorney working on a contingent basis merely logs hours while working towards a result that will hopefully entitle him to a fee. *Id* at 1257. If the case is unsuccessful, the contingent fee attorney receives nothing. *Id*. Few attorneys would accept representation knowing "their reward for accepting a contingency case is merely payment at the same rate they could obtain risk-free for hourly work, while their downside is no payment whatsoever." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010). Thus, an appropriate common fund fee should take into account the contingent nature of the fee and the financial burdens undertaken by Class Counsel.[4]

## III. CLASS COUNSEL SHOULD BE REIMBURSED FOR THEIR REASONABLE COSTS

As part of the agreement, the parties agreed that Class Counsel shall be entitled to recoup their reasonable litigation costs and associated expenses. Class Counsel requests reimbursement for expenses and costs of $25,774.69. These litigation expenses include filing fees, court costs, mediator's fees, copying charges, legal research charges, travel expenses and delivery charges, all of which are costs normally billed to and paid by the clients. *See* Josephson Decl. at ¶9. These costs were reasonably incurred in the prosecution of this matter and will be deducted from the 33 1/3% sough in this case. *Id.*

## IV. CONCLUSION

Class Counsel obtained an excellent result on behalf of the Class. They did so by undertaking great risks on a contingent fee basis. The requested fee is well within the realm of

---

[4] *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 396-398 (S.D.N.Y.1999) ("No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success.

reasonableness for fee requests approved by Federal courts given the efforts expended in this case and the stage of proceedings at the time of the Settlement. Based on the foregoing, Class Counsel respectfully request approval of the application for award of attorneys' fees equal to 331/3% of the value of the settlement. In addition, Class Counsel respectfully request reimbursement for $25,774.69 in costs and litigation expenses.

    Respectfully submitted,

    **/s/ Michael A. Josephson**
    Michael A. Josephson, Esq.
    S.D. Tex. No. 27157
    State Bar No. 24014780
    FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, L.L.P.
    1150 Bissonnet
    Houston, Texas 77005
    Telephone: (713) 751-0025
    Facsimile: (713) 751-0030
    E-mail: mjosephson@fhl-law.com

    Richard J. (Rex) Burch, Esq.
    S.D. Tex. No. 21615
    State Bar No. 24001807
    BRUCKNER BURCH, P.L.L.C.
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77002
    Telephone: (713) 877-8788
    Facsimile: (713) 877-8065
    E-mail: rburch@brucknerburch.com

    C. Ryan Morgan, Esq.
    *Admitted Pro Hac Vice
    Florida Bar No. 0015527
    MORGAN & MORGAN, P.A.
    20 North Orange Avenue, 16th Floor
    P.O. Box 4979
    Orlando, Florida 32802-4979
    Telephone: (407) 420-1414
    Facsimile: (407) 420-5956
    E-mail: rmorgan@forthepeople.com

    **Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

       This is to certify that a copy of the above and foregoing motion has been served in accordance with the Federal Rules of Civil Procedure via electronic filing on this 2nd day of May, 2012.

                                          /s/Michael A. Josephson
                                          Michael A. Josephson