UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IAN PASTORIUS AND BRIAN STARR, Individually and on behalf of all others similarly situated; | § § § § § § § § § § § § § | CIVIL ACTION NO. G-11-307 |
| Plaintiffs, | | JURY TRIAL DEMANDED |
| vs. | | |
| LOWE'S HOME CENTERS, INC. and LOWE'S HIW, INC., | | |
| Defendants. | | |

## DECLARATION OF MICHAEL A. JOSEPHSON

Pursuant to 28 U.S.C. §1746, Michael A. Josephson declares as follows:

1. I make this Declaration in support of Plaintiff's Unopposed Motion for Final Approval of Settlement, Final Certification of Settlement Class and Attorneys' Fees and Costs. I am fully familiar with the facts and circumstances set forth herein.

### Background

2. I am a named partner in Fibich, Hampton, Leebron, Briggs & Josephson, LLP. ("FHLBJ"). FHLBJ is one of the preeminent Plaintiff oriented law firms in the country. Since its inception, FHLBJ has been a lead counsel and/or held positions of substantial responsibility on steering committees in lawsuits concerning defective products, dangerous drugs, oilfield contamination, wage and hour violations and countless other individual, class and mass tort campaigns against numerous Fortune 500 companies. Additionally, FHLBJ has been involved in several private attorney general lawsuits seeking reimbursement of healthcare dollars expended as a result of false and deceptive marketing by various pharmaceutical companies. All of FHLBJ's

attorneys are experienced trial lawyers, with active dockets in both state and federal courts located throughout the country.

3. I am co-lead counsel for Plaintiffs Ian Pastorius and Brian Starr and the putative class members (collectively, "Plaintiffs") in the case filed against Lowe's Home Centers, Inc. and Lowe's HIW, Inc. (collectively, "Lowes") on behalf of misclassified Loss Prevention Managers ("LPMs"). I have been litigating the classification of Lowes' LPMs since 2009. My firm, along with my co-counsel, have performed a significant amount of formal and informal investigation of facts and evaluation of damages during the course of this case. The following is a summary of our efforts in developing this case from inception through settlement:

    a. Interviewed current and former employees of Lowes;

    b. Reviewed various corporate documents, depositions and information concerning Lowes' operations and business practices;

    c. Prepared and/or assisted in the preparation of each version of Plaintiffs' Complaint and other pleadings this case;

    d. Monitored various cases and conducted legal research pertaining to the issues asserted in this claim;

    e. Reviewed pleadings prepared by Lowes;

    f. Reviewed documents produced by Lowes as part of Plaintiffs' investigation of the claims;

    g. Exchanged information with Lowes' counsel concerning damages, theories of liability and investigation of company operations and time-keeping practices;

    h. Drafted and reviewed numerous pleadings, memos/briefs, declarations, notice/claim forms pertaining to settlement;

    i. Drafted and reviewed various drafts of settlement agreements and discussion with counsel regarding same;

    j. Numerous conversations with attorneys' for Lowes regarding settlement pleadings and evidence;

k.  Attendance at mediation and assisted in preparation of all documents related to mediation;

l.  Monitored settlement process, including review of claims data, and countless conversations with class members regardless their claims, damage calculations and the reclassification of the LPM position; and

m.  Preparation of final approval documents and pleadings.

## General Overview

4. The parties negotiated a settlement in the amount of Six Million One Hundred and Seventy Five Thousand dollars ($6,175,000.00). The terms of the settlement are set forth in the settlement agreement that was attached to the parties' Joint Motion for Preliminary Approval of Settlement and Conditional Certification of Settlement Class at Ex. 1 (ECF No. 34). A general overview of the settlement and notice process is as follows:

a.  On February 27, 2012, Kurtzman Carson Consultants LLC ("KCC"), the court-approved third party administrator mailed the court-approved notices and claim forms to 1,844 potential claimants.

b.  The time period to make a claim expired on April 27, 2012.

c.  Over 1000 current and former LPMs, representing 70% of the total settlement value, have come forward to claim their share of the settlement.

d.  No individual has filed an objection to the overall settlement, their share of the settlement, or the attorneys' fees or costs claimed by Class Counsel.

e.  On average, class members shall receive over $2,500.00 as part of the settlement.

f.  Defendant has now officially reclassified the LPM position as non-exempt from the overtime laws which means that LPMs now receive overtime pay.

g.  In accordance with the Settlement Agreement and the Preliminary Approval

3

Order, Class Counsel seeks $2,058,333.33 which represents 33 1/3% of the Maximum Settlement Amount.

    h.    Class Counsel's litigation costs are included in the attorney fee award

    i.    Plaintiffs will receive incentive awards of $2,500.00 each and have executed general releases in favor of Defendants.

5.    Based upon the risks involved in litigating this case through class/conditional certification and then trial, weighed against the total settlement sum, in light of the investigation, discovery and information that we have regarding these claims and based on my experience in handling wage and hour cases, I can say unequivocally that the settlement reached is fair and reasonable for the class members and should be given final approval by the court.

## Attorneys' Fees

6.    I am licensed to practice in Texas and Pennsylvania. I have been practicing civil litigation continuously since being admitted to the Texas Bar in December 2000. I have practiced law and been admitted *pro hac vice* in courts located throughout California, Texas, Louisiana, Pennsylvania, New Jersey, Alabama, Illinois, Mississippi, South Carolina, and North Carolina.

7.    I have been the attorney of record as either lead counsel or co-counsel in over 400 class and collective actions or individual cases seeking damages for unpaid overtime and wages based on allegations that employees worked off the clock, were misclassified, or were victims of regular rate and/or technical violations of both state and federal wage laws. All of these cases were handled on a contingency basis in which I received a percentage of the recovery and advanced all of the costs of litigation. I estimate that I have represented tens of thousands of employees over the years and have been involved in litigating cases in almost every major industry, including national food processors, retailers, government agencies, call centers, chemical plants, oil and gas operators, technical

companies, stadium service providers, and litigation service companies. In my practice I have litigated cases on behalf of Plaintiffs in wage and hour class and collective actions against the most respected employment litigation firms in the United States, including Jackson Lewis; Littler Mendelson; Morgan, Lewis & Bockius; Gardere Wynne; Ogletree, Deakins, Hunton & Williams; Baker & Botts; Jones Walker and Fulbright and Jaworski.

8. In connection with the work the lawyers performed in this case, and consistent with the terms of the settlement agreement, my firm and my co-counsel are seeking final approval of $2,058,333.33 which represents 33 1/3% of the Maximum Settlement Amount. The amount sought is reasonable and in accordance with well-settled FLSA jurisprudence and standards. Likewise, an award of 33 1/3% of the common fund is consistent with the amounts approved in wage and hour settlements across the country, including in this district.

9. I have also reviewed the litigation expenses of Class Counsel. To date, Class Counsel has incurred a total of $25,774.69 in expense. The records reflecting this amount are prepared based on vouchers, receipts, and check records related to this lawsuit, and are accurate regarding all the expenses incurred. None of the expenses are duplicative and all of the expenses were reasonable and necessary for the prosecution of this case.

10. I declare under penalty of perjury, that the information contained in this declaration is accurate and truthful.

Date: May 1, 2012

Michael A. Josephson
Attorney for Plaintiffs