UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IAN PASTORIUS AND BRIAN STARR, Individually and on behalf of all others similarly situated; | § § § § | CASE NO. 11-cv-00307 |
| Plaintiffs, | § § | |
| vs. | § § | |
| LOWE'S HOME CENTERS, INC. and LOWE'S HIW, INC., | § § § | |
| Defendants. | § § | |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS AND COLLECTIVE ACTION SETTLEMENT

The parties have submitted their Class and Collective Action Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its [date] order. In accordance with the preliminary approval order, Plaintiff Class Members have been given notice of the terms of the Settlement. In addition, members of the Rule 23 Class have been given the opportunity to object to the Settlement or to exclude themselves from its provisions. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1715, the Texas Office of the Attorney General and any other state attorney general where Class Members resided at the time notice was issued have been given notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the parties, the application for final approval of the settlement of this class and collective action and an award of Plaintiffs' attorneys' fees and reimbursement of expenses, and the evidence and argument received by the Court at the final approval hearing, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Plaintiff Class covered by this order is defined as all persons who were employed by one of the Defendants as a Loss Prevention Manager ("LPM") at any time from July 5, 2008 through January 26, 2012.

2. The "Rule 23 Class" is defined as consisting of all of the members of the following sub-classes, which are defined as follows:

> All persons who were employed by LHIW as a Loss Prevention Manager at any time from February 1, 2011 through January 26, 2012 in California (the "California sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in North Carolina (the "North Carolina sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in Pennsylvania (the "Pennsylvania sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2005 through January 26, 2012 in New York (the "New York sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in Ohio (the "Ohio sub-class");

> All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in Washington (the "Washington sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in New Jersey (the "New Jersey sub-class");

> All persons who were employed by LHC as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in South Carolina (the "South Carolina sub-class");

> All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in Colorado (the "Colorado sub-class");

> All persons who were employed by LHIW as a Loss Prevention Manager at any time from July 5, 2008 through January 26, 2012 in Oregon (the "Oregon sub-class").

3. Excluded from Plaintiff Class and the Rule 23 Class are any person who previously settled or released all of the claims covered by the Settlement or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by the settlement. In addition, all members of the Plaintiff Class and/or of the Rule 23 Class who were also members of the classes certified for settlement purposes in the lawsuits styled as *Michael Meyer v. Lowe's HIW, Inc.*, Case No. CV-09-08354-DDP (RZx), United States District Court for the Central District of California, and *Zachary Torres et al. v. Lowe's HIW, Inc.*, Case No. 09-06962-DDP (RZx), United States District Court for the Central District of California, shall only be paid for their pro rata share of claims commencing February 1, 2011, but only if such individuals were employed as a LPM by either of the Defendants on or after February 1, 2011. Similarly, all Plaintiffs (including the named Plaintiff and all LPMs who filed Consents) in the case styled as *Jacob Tankersley et al. v. Lowe's Home Centers, Inc.*, Case No. 5:09-CV-00142-WTH-GRJ, United States District Court for the Middle District of Florida or in the case styled as *Jacob Tankersley et al. v. Lowe's Home Centers, Inc.*, Case No. 2010-CA-17994-0, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, shall only be paid for their pro rata share of claims commencing August 1, 2010, but only if such individuals were employed as a LPM by either of the Defendants on or after August 1, 2010.

4. The "Settlement Class" in this order refers collectively to all members of the Plaintiff Class who submitted a timely and properly completed Claim Form, as well as all members of the Rule 23 Class (except those who filed Exclusion Forms), regardless of whether they submitted a Claim Form.

5. Pursuant to this Court's order of January 26, 2012, a notice of the terms and conditions of the Settlement was provided to members of the Plaintiff Class. An expanded notice was sent to the members of the Rule 23 Class. The notice and expanded notice were accompanied by a "Claim Form." The Expanded Notice was also be accompanied by a "Request for Exclusion Form." (The notice, expanded notice, claim form, and request for exclusion form are collectively referred to as the "Notice Package.") The Notice Package was sent to each Plaintiff Class and Rule 23 Class member via first class United States Mail, at their last known address. These papers informed Plaintiff Class and Rule 23 Class members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies (if applicable), and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

6. The Court finds and determines that this notice procedure afforded adequate protections to Plaintiff Class and Rule 23 Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Plaintiff Class and Rule 23 Class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7. For the reasons stated in the Court's preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined above, meets all of the legal requirements for collective class and class certification, and it is hereby ordered that the

Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

8. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member. The members of the Settlement Class shall be bound by the Settlement. The Settlement is ordered finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds that Defendants have fully complied with CAFA's notice requirements.

10. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders that payment of those amounts be made to the Settlement Class Members out of the Six Million One Hundred and Seventy Five Thousand Dollars ($6,175,000.00) Maximum Settlement Amount in accordance with the terms of the Settlement.

11. The Court hereby grants and approves the application presented by Class Counsel for an award of attorneys' fees and costs in the amount of $2,058,333.33, as per paragraph 7(b) of the Settlement.

12. The Court hereby grants and approves the application presented by the Class Representatives for an incentive award in the amount of Two Thousand Five Hundred Dollars ($2,500.00) to each of the Class Representatives, as per paragraph 7(c) of the Settlement.

13. The Court hereby grants and approves the application for payment of costs of administration of the settlement including, without limitation, the fees and expenses of Kurtzman Carlson Consultants, the settlement and claims administrator approved by the Court in the Court's preliminary approval order (the "Claims Administrator").

14. Upon completion of administration of the Settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the parties.

15. Pursuant to the Settlement, all members of the Settlement Class are permanently barred from prosecuting against Defendants and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendants, any individual or class claims that were released as set forth in the Settlement.

16. Pursuant to the Settlement, the Class Representatives are conclusively deemed to have released all "Released Claims" against the "Released Parties" as described below and in paragraph 19 of the Settlement. Upon the Effective Date of the Settlement (as defined in paragraph 17 of the Settlement), the members of the Settlement Class, including the Class Representatives, shall release Defendants and each of their respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries,

trustees and agents, and any individual or entity which could be jointly liable with Defendants (the "Released Parties") from the "Released Claims," as defined below and in paragraph 19 of the Settlement.

    a. Released Claims

For purposes of the Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit or that relate in any way to the classification of LPMs, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, or that arise under state wage and hour laws and/or the FLSA, 29 U.S.C. § 201, *et seq.*, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest, or attorneys' fees arising out of the claims at issue, including: the causes of action asserted in the Lawsuit relating to the alleged misclassification of LPMs, such as the alleged failure to pay overtime compensation, as well as any claim (whether asserted or unasserted) for failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, and waiting time penalties, which causes of action include, but are not limited to, allegations that members of the Plaintiff Class were not paid all earned wages, including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period.

    b. California Civil Code Section 1542 Waiver

With respect to the Released Claims (as defined in Paragraph 19(a) of the Settlement), the members of the California sub-class and all members of the Plaintiff Class who stipulate and agree that, upon the Effective Date, the members of the Plaintiff Class shall be deemed to have,

7

and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

17. The parties are hereby ordered to comply with the terms of the Settlement.

18. This action and the claims alleged in the Complaint filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

19. Without affecting the finality of this Final Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Dated: June 5, 2012

Gregg Costa
United States District Judge